Quincy M. ROBINSON, Plaintiff–
Appellant,

v.

State of OHIO, DEPARTMENT OF DE-
VELOPMENT; Star Bank; Tekaho,
Inc.; D.E.R. Construction Company,
Inc., Defendants–Appellees.

No. 02–3372.

United States Court of Appeals,
Sixth Circuit.

May 14, 2003.

Before: BOGGS and DAUGHTREY,
Circuit Judges; and OBERDORFER,
District Judge.*

*ORDER*

Quincy M. Robinson, an Ohio resident
proceeding pro se, appeals the district
court order dismissing his case for lack of
subject matter jurisdiction. This case has
been referred to a panel of the court pur-
suant to Rule 34(j)(1), Rules of the Sixth
Circuit. Upon examination, this panel
unanimously agrees that oral argument is
not needed. Fed. R.App. P. 34(a).

Seeking $100 million in damages, Robin-
son sued the State of Ohio, Star Bank,
Tekaho, Inc., and D.E.R. Construction
Company, Inc. (D.E.R.) over a construc-
tion project. Robinson alleged that the
defendants violated Ohio's prevailing wage
law, engaged in fraud, failed to maintain
the required minority participation,
breached a contract, and did not pay him
for labor and materials. Star Bank and
Tekaho moved to dismiss for lack of sub-
ject matter jurisdiction and/or for failure
to state a claim, and D.E.R. moved for
judgment on the pleadings and/or sum-
mary judgment. The magistrate judge

---

* The Honorable Louis F. Oberdorfer, United
States District Judge for the District of Co-
lumbia, sitting by designation.

recommended dismissing the complaint for lack of subject matter jurisdiction and as barred by res judicata and/or collateral estoppel. The district court adopted the magistrate judge's report and recommendation over Robinson's objections and dismissed the case.

On appeal, Robinson argues that the district court had subject matter jurisdiction because the complaint raised the following federal questions: (1) due process; (2) equal protection; (3) the Truth in Lending Act; (4) the Davis–Bacon Act; and (5) the Fair Labor Standards Act (FLSA).

■ Initially, we note that Robinson does not argue that the district court erred by holding that his action was barred by res judicata and/or collateral estoppel. Accordingly, Robinson has waived this issue. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

This court's review of a district court's decision to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1) is two-fold. We review the trial court's resolution of factual disputes for clear error, and its application of the law to the facts de novo. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir.1996). When the defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction and the court may resolve factual disputes. *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 915 (6th Cir.1986).

■ Upon review, we conclude that the district court properly dismissed Robinson's complaint for lack of subject matter jurisdiction. Robinson alleged that he had a contract, doing business as Majestic Construction, to do rough framing of a nursing home being built in Cincinnati. According to his complaint, he had contracted with D.E.R., and D.E.R., in turn, had a contract with Tekaho. Robinson claimed that D.E.R. breached its contract with him by terminating it before he completed his work. He also alleged that D.E.R. and the other defendants violated Ohio law by failing to pay prevailing wages and by failing to maintain proper minority participation. Robinson's complaint made passing reference to one federal law, the Davis–Bacon Act, 41 U.S.C. § 276a.

■ Robinson did not carry his burden of proving jurisdiction. *See Rogers,* 798 F.2d at 915. First, the complaint did not raise a federal question. *See* 28 U.S.C. § 1331. Robinson did not allege that the contract at issue was a federal construction project covered by the Davis–Bacon Act, and there is nothing in the record to indicate that it was. *See, e.g., Univs. Research Ass'n v. Coutu,* 450 U.S. 754, 756, 101 S.Ct. 1451, 67 L.Ed.2d 662 (1981). Second, there was not complete diversity of citizenship. It appears from the record that Robinson and the defendants are all residents of Ohio. Complete diversity requires that no party share citizenship with any opposing party. *See* 28 U.S.C. § 1332; *Safeco Ins. Co. of Am. v. City of White House, Tenn.,* 36 F.3d 540, 545 (6th Cir. 1994).

Moreover, Robinson did not come forward with any legitimate basis for federal jurisdiction after the defendants raised the issue. In response to the defendants' motion to dismiss and in a tendered amended complaint, Robinson invoked §§ 1 and 2 of the Sherman Antitrust Act, the Davis–Bacon Act, and Ohio prevailing wage law. Section 1 of the Sherman Antitrust Act prohibits contracts in restraint of trade among the states or with foreign nations, and § 2 forbids monopolization of trade among the states or with foreign nations. 15 U.S.C. §§ 1, 2. Robinson did not provide any supporting facts to explain how

these antitrust laws applied, nor is there anything in the record to suggest that Robinson's contract dispute with D.E.R. and Tekaho implicated any other federal law.

Robinson's arguments on appeal are without merit. He suggests that his suit involves due process, equal protection, the Truth in Lending Act, the Davis–Bacon Act, and the FLSA. Once again, however, he fails to provide any facts to support these claims.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.