**Annie L. TRUETT, as Administratrix of the Estate of Glenda Plunk, and Marvin Plunk, Plaintiffs,**

v.

**Wayne BOWMAN, Crna, et al., Defendants,**

v.

**Tommy Thompson, Secretary of the Department of Health and Human Services and Medicare, Defendant.**

**No. 03–1109–T.**

United States District Court, W.D. Tennessee, Eastern Division.

Aug. 18, 2003.

Michael Weinman, Jackson, TN, Thomas J. Long, Memphis, TN, for Plaintiffs.

Marty R. Phillips, Jackson, TN, Sidney P. Alexander, U.S. Attorney's Office, Memphis, TN, for Defendants.

**ORDER GRANTING THE SECRETARY'S MOTION TO DISMISS AND REMANDING THIS ACTION TO STATE COURT**

TODD, District Judge.

On April 28, 2003, Tommy Thompson, Secretary of the Department of Health

and Human Services and Medicare (the Secretary), removed this action from state court. The Secretary has now filed a motion to dismiss pursuant to Rule 12(b)(1), or in the alternative, Rule 12(b)(6) of the Federal Rules of Civil Procedure. A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Robinson v. Ohio*, 69 Fed.Appx. 204, 205, 2003 U.S.App. LEXIS 9493, at *3 (6th Cir. May 14, 2003). Based on the following reasons, the Secretary's motion to dismiss is GRANTED and this action is REMANDED to the Circuit Court of Madison County, Tennessee.

### Background

On April 18, 1995, Glenda Plunk suffered a punctured esophagus while awaiting hip replacement surgery. Medicare paid for items and services arising from this injury. On April 17, 1996, Plaintiff brought suit against Defendants for damages suffered as a result of the injury. Riverbend Government Benefits Administrator (Riverbend), the Medicare contractor acting on behalf of the Secretary, was notified of Plaintiff's claim on October 2, 2000.

Under the Medicare Secondary Payer (MSP) provisions of the Medicare Act, 42 U.S.C. § 1395, *et seq.*, liability, automobile, and non-fault insurance companies are required to make primary payments for services rendered to Medicare beneficiaries, leaving the Medicare program to provide benefits only as a "secondary" payer. *See* 42 U.S.C. § 1395y(b). Consistent with this provision, Riverbend notified Plaintiff of Medicare's right to seek reimbursement under the MSP statute should she receive an award or settlement related to her April 18, 1995, injury. On January 12, 2001, Riverbend sent Plaintiff detailed information pertaining to the amount of con-

ditional payments made on her behalf. Plaintiff reviewed the list and informed Riverbend that she believed some of the itemized payments reported by Riverbend were not related to this lawsuit. Although Plaintiff and Riverbend continue to have ongoing discussions regarding the disputed charges, on January 10, 2003, Riverbend disclosed that payments totaling $184,912.92 were made by Medicare on Plaintiff's behalf.

On February 12, 2003, Defendants filed a motion in the Circuit Court of Madison County, Tennessee, to add the Secretary, as a necessary party in this action. Defendants are seeking a declaratory judgment that Tennessee law bars the Secretary from seeking reimbursement for conditional payments made to Plaintiff Glenda Plunk pursuant to federal law. In the alternative, Defendant seeks a declaratory judgment regarding the nature and amount of Medicare's claim.

The Secretary removed this action from state court and has now filed a motion to dismiss. First, the Secretary believes that Defendants' claims should be dismissed because the Department of Health and Human Services and Medicare has not waived its sovereign immunity allowing this type of suit. Second, the Secretary asserts that Defendants Wayne Bowman, CRNA, et al., cannot satisfy the jurisdictional pre-requisites of Medicare law that would allow this Court to exercise subject matter jurisdiction over Defendants' claims. Defendants have not responded to the Secretary's motion. The Court will address each of the Secretary's arguments in turn.

### Analysis

a. Sovereign Immunity

"The United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's juris-

diction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Therefore, "without specific statutory consent, no suit may be brought against the United States," "no officer by his action can confer jurisdiction," and "even when suits are authorized they must be brought only in designated courts." *United States v. Shaw*, 309 U.S. 495, 500–501, 60 S.Ct. 659, 84 L.Ed. 888 (1940). As the Supreme Court stated in *Shaw*,

> The reasons for this immunity are imbedded in our legal philosophy. They partake somewhat of dignity and decorum, somewhat of practical administration, somewhat of the political desirability of an impregnable legal citadel where government as distinct from its functionaries may operate undisturbed by the demands of litigants ...

309 U.S. at 501, 60 S.Ct. 659.

■ Defendants bear the burden of establishing that sovereign immunity has been waived. *See Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir.1993). In the present case, Defendants have identified no federal statute indicating that sovereign immunity has been waived. As evidenced by the Medicare statutes, the Secretary's sovereign immunity is waived in only specific circumstances not applicable in this action. A waiver of sovereign immunity must be "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). Accordingly, the Secretary's motion to dismiss predicated upon Defendants inability to demonstrate that sovereign immunity has been waived is GRANTED.

b. Lack of Subject Matter Jurisdiction

■ In addition to his argument regarding sovereign immunity, the Secretary asserts that this Court lacks subject matter jurisdiction. Parties asserting Medicare-related claims must proceed through "the special Medicare review route ... set forth in a complex set of statutory provisions" contained in the Medicare statutes. *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 7–8, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000). These provisions are sufficiently broad to cover the situation presented here, where parties claiming to need "advance knowledge" of what Medicare might *later* do, seek, for their own purposes, to involve federal officials in legal action. *See id.* at 10, 120 S.Ct. 1084 (special Medicare review channel applies where individual who might later seek money or some other benefit from or contest the imposition of a penalty by federal agency challenges, in advance, the lawfulness of a federal provision that might later bar recovery of the benefit or authorize the imposition of a penalty). The statutory provisions regarding Medicare-related claims also demand that all legal attacks be channeled through the federal agency without premature interference by different individual courts, thus assuring the agency a greater opportunity to apply, interpret, or revise policies, regulations, or statutes. *Id.* While "this assurance comes at a price, namely, occasional individual, delay-related hardship" this was the judgment of Congress. *Id.* n. 4.

The channeling mechanism applied to claims arising under the Medicare Act is embodied in 42 U.S.C. § 405. Section 405(g) provides that "[a]ny individual, after any final decision of the [Secretary] made after a hearing to which he was a party ... may obtain a review of such decision be a civil action commenced within sixty days after the mailing ... of notice of such decision ...." Defendants have not established that the Secretary has issued a "final decision" regarding any Medicare claim it may have. As noted in *Shalala*, the Medicare channeling provisions provide specific procedures regarding claims

for Medicare benefits. Because Defendants have not demonstrated that these procedures were followed and can point to no other provisions giving this Court subject matter jurisdiction, the Secretary's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

*Summary*

In summary, Defendants have identified no federal statute indicating that sovereign immunity has been waived. As evidenced by the Medicare statutes, the Secretary's sovereign immunity is waived in only specific circumstances not applicable in this action. Accordingly, the Secretary's motion to dismiss predicated upon Defendants inability to demonstrate that sovereign immunity has been waived is GRANTED. Alternatively, the Secretary's motion to dismiss must be granted because this Court lacks subject matter jurisdiction. The Medicare channeling provisions provide specific procedures regarding claims for Medicare benefits. Defendants have not established that the Secretary has issued a "final decision" regarding any Medicare claim it may have. Accordingly, the Secretary's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

The only remaining claims in this action are those originally asserted by Plaintiffs Annie Truett, as Administratrix of the Estate of Glenda Plunk, and Marvin Plunk against Defendants Wayne Bowman, CRNA, et al. Because this Court lacks subject matter jurisdiction over those claims, this action is REMANDED to the Circuit Court of Madison County.

IT IS SO ORDERED.